Opinion issued July 7, 2026



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-26-00176-CV

———————————

**STACY DEBNAM AND DR. MATT DEBNAM, Appellants**

**V.**

**WATTS POOL SERVICE, INC., Appellee**

---

**On Appeal from the 269th District Court**
**Harris County, Texas**
**Trial Court Case No. 2021-71293**

---

## MEMORANDUM OPINION

"Unless specifically authorized by statute, Texas appellate courts have jurisdiction to review only final judgments." *Bison Bldg. Materials, Ltd. v. Aldridge*, 422 S.W.3d 582, 585 (Tex. 2012); *see also Wells Fargo Bank, N.A. v. Munson*, No. 01-25-00434-CV, 2025 WL 2956235, at *2 (Tex. App.—Houston [1st Dist.] Oct.

21, 2025, no pet.). "A judgment issued without a conventional trial is final for purposes of appeal if and only if either it actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment as to all claims and all parties." *Wells Fargo Bank, N.A.*, 2025 WL 2956235, at *4 (internal quotation marks and citations omitted).

Appellants' Fourth Amended Petition asserts claims for breach of contract, violations of the Texas Deceptive Trade Practices Act ("DTPA"), breach of express and implied warranties, negligence, gross negligence, negligent hiring, private nuisance, intentional infliction of emotional distress, fraud, and destruction of property. It also asserts a claim under the Texas Uniform Declaratory Judgments Act and seeks "attorney's fees, interest, and costs of court" pursuant to section 37.009 of the Texas Civil Practice and Remedies Code.

In its September 2, 2025 order, the trial court granted summary judgment on Appellants' claims for breach of the implied warranty of habitability, destruction of property, negligence, and gross negligence, but denied summary judgment on the claims for breach of contract, DTPA violations, breach of express warranty, fraud, private nuisance, and exemplary damages. The order further noted that other implied-warranty claims remained pending because they were not challenged. In its December 8, 2025 order, the trial court granted summary judgment on the claims for breach of contract, DTPA violations, breach of express and implied warranties,

private nuisance, and fraud. The court further ordered that Appellants "shall recover nothing" from Appellee.

Neither summary-judgment order expressly addresses Appellants' request for attorney's fees under the Uniform Declaratory Judgments Act. *See* TEX. CIV. PRAC. & REM. CODE § 37.009. But "[c]ourts must . . . expressly dispose of requests for attorney's fees under discretionary fee-shifting statutes that do not require the requesting party to prevail." *Sealy Emergency Room, L.L.C. v. Free Standing Emergency Room Managers of Am., L.L.C.*, 685 S.W.3d 816, 825–26 (Tex. 2024) (citing Tex. Civ. Prac. & Rem. Code § 37.009). A claim for attorney's fees under the Uniform Declaratory Judgments Act is an example of a discretionary fee-shifting claim that a court must expressly address. *Id.*

We notified appellants that the appeal would be dismissed unless they submitted a written response clearly explaining the basis for jurisdiction. Their response failed to establish jurisdiction.

Accordingly, we dismiss this appeal for want of jurisdiction and dismiss all pending motions as moot. *See* TEX. R. APP. P. 42.3(a).

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Rivas-Molloy and Guiney.